UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREW DORIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNO NAPPI, et al.,<br><br>　　　　　Defendants. | No. 12-cv-0575-EFB P<br><br><br>ORDER[1] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment, plaintiff's motion to compel, and plaintiff's motion for a continuance pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motions are denied, and he is ordered to respond to defendants' summary judgment motion within 21 days of the date of this order.

According to the March 4, 2013 Discovery and Scheduling Order, the last day to serve written discovery was April 3, 2013. ECF No. 37. The last day to complete all discovery, including filing any motions to compel was June 3, 2013. *Id.* On April 4, 2013, plaintiff filed a

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

1

1   first motion to extend the time to serve written discovery to May 3, 2013.  ECF No. 41.  On April
2   29, 2013, the court granted plaintiff's motion.  ECF No. 47.  On May 8, 2013, plaintiff moved for
3   a second extension of time to serve written discovery.  ECF No. 51.  On June 18, 2013, the court
4   denied plaintiff's motion because plaintiff failed to demonstrate good cause for further
5   modification of the discovery deadlines.  ECF No. 53.

6   On August 9, 2013, plaintiff filed the instant motion to compel, arguing that defendant
7   Nappi should be ordered to produce documents in response to a request for production that
8   plaintiff served on June 1, 2013.[2]  ECF No. 60.  Plaintiff also requested monetary sanctions.  *Id.*
9   Plaintiff's motion must be denied because both his request for production and his motion to
10  compel are untimely under the court's scheduling order.

11  On August 22, 2013, plaintiff filed a request under Rule 56(d) for a 60-day extension of
12  time to file an opposition to defendants' August 2, 2013 motion for summary judgment.  ECF No.
13  61.  Plaintiff claims to be entitled to a continuance because of his pending August 9, 2013 motion
14  to compel, and his July 1, 2013 "Motion Objecting to the Magistrate Judge's Order."  ECF Nos.
15  55, 60.  As discussed above, the August 9 motion to compel is denied, and it does not otherwise
16  support plaintiff's Rule 56(d) request.

17  In addition, plaintiff's July 1 filing was improperly directed, and further, does not provide
18  support for the requested continuance.  Plaintiff directed his July 1 filing to the "district judge"
19  and objected to the June 18, 2013 order denying his second request to extend the discovery
20  deadline.  ECF No. 55.  However, as plaintiff is well aware, all parties to this action consented to
21  the jurisdiction of a magistrate judge and the case was accordingly reassigned.  The court
22  specifically denied plaintiff's request to withdraw that consent.  ECF No. 43.  Any appeal from
23  the rulings by the assigned magistrate judge must be directed to the court of appeals and timed in
24  accordance with the Federal Rules of Appellate Procedure.  *See* Fed. R. App. P. 4(a)(1).  To the
25  extent plaintiff's "objections" seek reconsideration by the assigned magistrate judge, the request
26  is denied.  Local Rule 230(j) requires that a motion for reconsideration state "what new or

---

[2] Though plaintiff purported to request documents pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is Rule 34 that governs such requests.

different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Plaintiff's request for reconsideration does not make such a showing and plaintiff fails to otherwise demonstrate that the court's June 18, 2013 order ought to be reconsidered.

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. *See* Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Here, plaintiff has not submitted any affidavit or declaration in support of his Rule 56(d) request. He makes no showing as to what discovery he requests or how it would preclude summary judgment. The case file reflects that plaintiff had ample time to conduct discovery but was not diligent in pursuing his requests. This is not an adequate basis for granting a Rule 56(d) request for a continuance. Accordingly, plaintiff's motion is denied.

Plaintiff is reminded that in cases such as this one, where one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. E.D. Cal. Local Rule 230*(l)*. "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion." *Id.* A responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id.* Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that plaintiff's motions (ECF Nos. 55, 60, 61) are denied. Within 21 days of the date of this order, plaintiff shall file either an opposition to defendants' August 2, 2013 motion for summary judgment or a statement of no opposition. Failure to comply with this order may result in this action being dismissed without prejudice.

Dated: October 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE